IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TARENT BRYANT, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:09-CV-53 (WLS) |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U.S. MAGISTRATE JUDGE |
| TERRY DUBBEY; MARTY ALLEN; CHRISTOPHER RAILEY; JAMES RIGSBY; NATHANIEL WILLIAMS; JANE DOE Mailroom Supervisor; MAILROOM STAFF MEMBERS; Officer CLEVELAND; Counselor WILLIAMS; HENRY AUTRY; BENJI NOBLES, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **TARENT BRYANT**, an inmate at Autry State Prison in Pelham, Georgia, has filed another *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also sought leave to proceed without prepayment of filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). The Court previously granted his motion to proceed *in forma pauperis.*

## *I.  STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff claims that several officials retaliated against him for filing lawsuits and grievances and that unnamed "Mailroom Staff Members" read his legal mail when he was not present. Plaintiff also names Jane Doe Mailroom Supervisor in the heading of his complaint. However, it does not appear that plaintiff has made any allegations against Ms. Doe in the body of his complaint.

The Court simply has no way of identifying unnamed "Mailroom Staff Members" and Jane Doe. There is no way to serve such unidentified individuals with a copy of the complaint.

Accordingly, the Undersigned **RECOMMENDS** that "Mailroom Staff Members" and Jane Doe Mailroom Supervisor be dismissed from this action. Plaintiff can amend his complaint to add these defendants should he be able to identify them by name. Should plaintiff desire to add these defendants in the future, he should keep in mind any applicable statute of limitations.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 17th day of April, 2009.

> */s/ Richard L. Hodge*
> RICHARD L. HODGE
> UNITED STATES MAGISTRATE JUDGE

lnb