IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TARENT BRYANT,<br><br>   Plaintiff<br><br>  VS.<br><br>TERRY DUFFEY, *et al.*,<br><br>   Defendants | NO.  1 : 09-CV-53 (WLS)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION ON MOTIONS

  Plaintiff Tarent Bryant has filed numerous motions seeking various forms of relief herein. He filed this action in April of 2009 and following a recommendation that certain defendants be dismissed, service was ordered on the remaining defendants on April 17, 2009.  Although service forms were mailed to the defendants on April 23, 2009, the defendants have filed no responses thereto with the court.

*Motions for injunctive relief*

  The plaintiff has filed five (5) motions seeking injunctive relief, in which he either asks that defendant Autry officials be restrained from transferring him from Autry State Prison to another institution or that he be transferred back to Autry.  Tabs # 19, 27, 29, 32, 40.  The plaintiff appears to maintain that he must be confined at Autry during the pendency of this civil action involving Autry officials.

  In order to obtain injunctive relief, the plaintiff must establish that:  (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motions reveals an inadequate basis for the issuance of an injunctive order. He has not established that he is entitled to injunctive relief, i.e., that there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries. Accordingly, IT IS RECOMMENDED that plaintiff's motions for injunctive relief be DENIED.

*Motions for default judgment*

Plaintiff has filed three (3) motions seeking the entry of default and/or default judgment against the defendants, based on their failure to file an answer or other responsive pleading herein. Tabs # 31, #39, and #44. He argues that the defendants have failed to file a timely answer or responsive pleading to his original complaint. However, the defendants have not yet been served with process; only waivers of service forms, along with copies of the complaint and summons, have been mailed to the defendants, and no answer or responsive pleading is yet required. *See* Fed. R. Civ. P. 4(d). Accordingly, IT IS RECOMMENDED that plaintiff's motions for default judgment be DENIED.

*Motion for Summary Judgment*

Plaintiff has filed a motion seeking the entry of summary judgment in his favor. Tab #33. Said motion is premature, inasmuch as the defendants have not yet filed an answer herein. Accordingly, it is the recommendation of the undersigned that plaintiff's Motion for Summary Judgment be DENIED.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may file written objections to the recommendations issued herein with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** of receipt thereof.

SO RECOMMENDED, this 15th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE