IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TARENT BRYANT,

        Plaintiff,

VS.

WARDEN TERRY DUFFEY, et al.,

        Defendants.

NO. 1:09-CV-53 (WLS)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is Plaintiff's motion for summary judgment (Doc. 80)

Plaintiff files this motion requesting summary judgment. This appears to be more appropriately considered as a motion for default judgment, as it is based on Defendants' alleged failure to respond to the complaint.

Defendants Autry, Nobles, Rigsby, Cleveland, and Nathaniel Williams were ordered personally served on January 15, 2010. Defendants Nobles, Rigsby, Cleveland, and Nathaniel Williams were personally served on February 17, 2010. (Docs. 62, 63, 64, and 65). Defendant Autry was personally served on February 19, 2010. (Doc. 71). These Defendants filed a motion to dismiss the complaint on July 16, 2010. (Doc. 85); this response was not timely.[1]

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided

---

[1] Defendants Cox and Moses have filed a waiver of service of summons (Docs. 90 and 91), and a motion to dismiss (Doc. 85). Defendants Counselor Williams, Railey, Duffey, and Allen have not been served with the complaint. Default does not appear to be an issue with any of these Defendants.

by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Default, however, was not issued in this case.

Plaintiff did move for default or default judgment. (Docs. 80 and 81). These Defendants responded to the request for default. (Doc. 84). In this response, Defendants state that, as a result of confusion regarding this Plaintiff's multiple lawsuits, and due to inadvertence, no request for representation was made and no timely response was filed. Defendants moved quickly to file an appropriate response once it became apparent that one had not yet been entered.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." The Eleventh Circuit has explained that " '[g]ood cause is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance.' " *Compania Interamerican Exp.-Imp., S.A. v. Compania Dominicana De Aviacion,* 88 F.3d 948, 951 (11th Cir.1996) (quoting *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989)). Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, whether there was significant financial loss to the defaulting party, whether the defaulting party acted promptly to correct the default, and whether the public interest was implicated. *See also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir.1984). *See Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

The undersigned finds that the failure of Defendants to respond in a timely manner to the complaint was not willful, Defendants acted promptly to correct the default once counsel was obtained, a meritorious defense was asserted, and Plaintiff would suffer no prejudice if default

2

judgment is not entered. The decision to enter a default judgment "is discretionary.... Entry of judgment by default is a drastic remedy which should be used only in extreme situations.... [T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir.1985). Thus, any doubt as to whether a default should be granted "should be resolved in favor of a judicial decision on the merits of a case[.]" *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980).[2]

For the foregoing reasons, it is the RECOMMENDATION of the undersigned that Plaintiff's motion for default judgment be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of being served with a copy.

**SO RECOMMENDED**, this 21st day of September, 2010.

S// Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

msd

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981, *en banc),* the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.