IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TARENT BRYANT,
:
    Plaintiff,
:
v.                                                                                 :           1:09-CV-53 (WLS)
:
TERRY DUFFEY, *et al.*,
:
    Defendants.
:

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed September 21, 2010. (Doc. 93). It is recommended that Plaintiff's Motion for Summary Judgment (Doc. 80), filed in Plaintiff's 42 U.S.C. § 1983 action (*see* Doc. 3), be denied (Doc. 93). Plaintiff timely filed an Objection to Judge Langstaff's Recommendation on October 1, 2010. (Doc. 103).

In the Recommendation, Judge Langstaff construes Plaintiff's Motion for Summary Judgment as a Motion for Default Judgment because it appears to be based on Defendants'[1] alleged failure to respond to the Complaint.[2] (Doc. 93 at 1). Judge Langstaff notes, however, that no default was entered in the case under Fed. R. Civ. P. 55(a). (Doc. 93 at 1 (citing Fed. R. Civ. P. 55(a), which allows the clerk to enter default of party against whom affirmative relief is sought when that party fails to plead or otherwise defend action)). In light of his findings that Defendants' failure to timely respond to the Complaint was not willful given their confusion

---

[1] The Recommendation notes that the issue of default only concerns Defendants Autry, Nobles, Rigsby, Cleveland, and Nathaniel Williams because Defendants Cox and Moses filed a waiver of service and motion to dismiss, and Defendants Railey, Duffey, Allen, and Counselor Williams have not been served with the Complaint. (Doc. 93 at 1 n.1).
[2] Several Defendants—specifically, Defendants Cox, Moses, Rigsby, Cleveland, Autry, and Nathaniel Williams—filed an untimely motion to dismiss on July 16, 2010, which is now pending before Judge Langstaff. (Doc. 93 at 1; *see also* Doc. 85).

1

regarding Plaintiff's multiple lawsuits, that Defendants acted promptly to correct the default once they realized their failure to respond and once counsel was obtained, and that Plaintiff will not suffer prejudice if default judgment is not entered, Judge Langstaff recommends that the drastic remedy of default judgment, which should only be used in extreme situations, should be denied. (Doc. 93 at 3 ((citations omitted) (noting that the decision to enter default judgment is discretionary)). Accordingly, Judge Langstaff concludes that Defendants have sufficiently demonstrated good cause, such that this Court may set aside an entry of default under Fed. R. Civ. P. 55(c). (Doc. 93 at 2).

In his Objection, Plaintiff reasserts, verbatim, his arguments from his Motion for Summary Judgment. (Doc. 103 at 1-2 ("I haven't heard nothing [sic] from the Defendants, after the Defendant's [sic] receive [sic] they [sic] copy of the lawsuit. . . . It shall be noted in the Honorable Court to grant and approval [sic] this Motion for Summary Judgment."); *see also* Doc. 80 at 1-2). Plaintiff essentially argues that all Defendants had knowledge of their violation of Plaintiff's rights, as they were properly personally served; nevertheless, Plaintiff asserts that he never received an answer or waiver from Defendants. (Doc. 103 at 2). In addition, Plaintiff seemingly alternatively requests, pursuant to his request for summary judgment, to proceed with pre-trial discovery and for the Court to set a trial date. (Doc. 103 at 2).

Plaintiff, however, fails to rebut the legally sound recommendations of Judge Langstaff and to understand the substance of the relief he seeks under either default judgment or summary judgment. First, Plaintiff does not establish the inaccuracy of the factors that Judge Langstaff employs in recommending the denial of default and thereby, the denial of Plaintiff's Motion; nor does Plaintiff argue or even suggest that Judge Langstaff's finding of good cause was not warranted. Instead, Plaintiff recites the arguments he previously presented to the Court (*see* Doc.

2

80) in support a "motion for summary judgment" that is substantively, as the Magistrate Judge noted, a motion for default judgment. Plaintiff's Objection, therefore, misses the mark—not only by overlooking the extremity of the remedy of default judgment that he seeks, but also by ignoring the factors that Judge Langstaff recommended weigh against entry of default judgment. (*See generally* Docs. 80, 103). Second, Plaintiff neither understands the dispositive effect that an entry of summary judgment or an entry of default judgment would have on his case, given his request for discovery and a trial date. Accordingly, the Court does not find merit in Plaintiff's Objection (Doc. 103), as the arguments on which it is based establish no grounds for the Court to disregard Judge Langstaff's findings and recommendation.

For these reasons, the objections set forth in Plaintiff's Objection (Doc. 103) are **OVERRULED** and United States Magistrate Judge Langstaff's September 21, 2010 Report and Recommendation (Doc. 93) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 80) in his § 1983 action, which is substantively a motion for default judgment, is **DENIED**.

**SO ORDERED**, this 22nd day of October 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**