IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TARENT BRYANT, :
:
      Plaintiff, :
:
VS. : **1:09-CV-53 (WLS)**
:
TERRY DUFFEY, et al., :
:
      Defendants. :

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on March 30, 2009 (Doc. 3). Presently pending in this action are Defendants Rigsby, Nathaniel Williams, Cleveland, Autry, Nobles, Cox, and Moses' Motion to Dismiss, and Plaintiff's Motion of Complaint (Docs. 85, 109).

**Factual Background**

Plaintiff appears to allege that Defendants Rigsby, Cox and Moses read his legal mail when Plaintiff was not present. Further, Plaintiff asserts that Defendants Counselor Williams, Rigsby, Autry, Nobles, Cleveland, Cox, and Moses retaliated against him for filing administrative grievances (Docs. 6, 22). According to the Plaintiff, these Defendants refused to let Plaintiff work in the laundry detail because of the grievances and/or the § 1983 actions he had filed against staff members of Autry State Prison ("ASP"). Further, Plaintiff asserts that when he told Defendants Duffey, Allen, Railey, and Nathaniel Williams about the retaliation, they refused to assist him.

*Motion to Dismiss (Doc. 85)*

Defendants Rigsby, Nathaniel Williams, Cleveland, Autry, Nobles, Cox, and Moses filed

this Motion to Dismiss stating that the action should be dismissed due to Plaintiff's failure to exhaust all administrative remedies (Doc. 85).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural

rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' Motion and the Plaintiff's responses reveals a conflict. In at least one of Plaintiff's responses, he maintains that he exhausted his administrative remedies but that Defendants covered it up (Doc. 102). The Defendants contend that Plaintiff failed to exhaust the administrative remedies available regarding the claims underlying this lawsuit (*See* Doc. 85-2, Angela Williams Affidavit). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Defendants contend, and support with the Affidavit from the Deputy Warden of Care and Treatment at ASP (Angela Williams), that Plaintiff did not exhaust any grievances regarding the allegations made in his Complaint prior to March 30, 2009, the date the lawsuit was filed. The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a grievance system at ASP and establishes that the Plaintiff filed numerous grievances while housed there (Doc. 85-2, Angela Williams Affidavit). However, none of Plaintiff's grievances

relating to the claims underlying this lawsuit were exhausted prior to its filing.

Defendants provided the Court with copies of the grievances filed by Plaintiff in regards to his claims. Only two (2) grievances were filed prior to the initiation of this lawsuit, and only one (1) related to the alleged events giving rise to this action (Doc. 85-2, Angela Williams Affidavit). On February 11, 2009, Plaintiff filed an informal grievance stating that Defendant Counselor Williams told Plaintiff that if he filed the grievance he would not be placed on laundry detail. Plaintiff's informal grievance was not resolved and, on February 18, 2009, he filed a formal grievance. His formal grievance was also not resolved and, on March 19, 2009, Plaintiff filed an appeal. At this point, the Commissioner had ninety (90) days to respond to Plaintiff's appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI.

Complete administrative exhaustion is a precondition to filing a lawsuit, and exhaustion must comply with the deadlines and procedures in place. *Woodford*, 548 U.S. at 88. To comply with the procedures in place, the Plaintiff was required to wait until a decision on his appeal was made or the ninety (90) days expired. *Sewell v. Ram*sey, 2007 WL 201269 (S.D. Ga., Jan. 27, 2007) (holding that if a "plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative remedies"); *Callaway v. McRae*, 2008 WL 3200728 (M.D. Ga., Aug. 5, 2008) (concluding that when the Commissioner does not respond to an appeal within ninety (90) days, the Plaintiff can seek judicial relief). On April 29, 2009, the Commissioner timely denied Plaintiff's appeal and, at that time, Plaintiff exhausted all administrative remedies (Docs. 85-5; 85-2, Angela Williams Affidavit). However, this exhaustion was too late because Plaintiff filed suit on March 30, 2009 for the actions complained of in the grievance, which was one (1) month prior to complete exhaustion.

Plaintiff asserts that he followed the administrative procedures, but that Defendants covered

4

up his efforts (Doc. 102). Plaintiff, however, fails to provide evidence that he exhausted the administrative remedies available to him. In his Complaint, Plaintiff states that he grieved the issue but was told he would have to continue on with a grievance response (Doc. 6). The Plaintiff failed to show he continued the grievance process and failed to refute Defendants' evidence that the administrative remedies were not exhausted.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available administrative remedies to grieve the alleged offenses of the Defendants. The Plaintiff did not exhaust the administrative remedies available to him until one (1) month after he initiated the lawsuit. Therefore, it is the recommendation of the undersigned that Defendants Rigsby, Nathaniel Williams, Cleveland, Autry, Nobles, Cox, and Moses' Motion to Dismiss be **GRANTED.**

*Plaintiff's Motion of Complaint (Doc. 109)*

Plaintiff filed this Motion of My Complaint on January 13, 2011 (Doc. 109). Plaintiff appears to be restating his Complaint and provides nothing more on which the Court can rule. Accordingly, Plaintiff's Motion of My Complaint is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO ORDERED and RECOMMENDED**, this 2nd day of February, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf