IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TARENT BRYANT, | : |
| Plaintiff, | : |
| VS. | :    **1:09-CV-53 (WLS)** |
| TERRY DUFFEY, et al., | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on March 30, 2009. (Doc. 3). Presently pending in this action are Defendants Duffy[1], Allen, Counselor Williams, and Railey's Motion to Dismiss (Doc. 140), and Plaintiff's Motion for Summary Judgment, Motion for Polygraph, and Motion to Subpoena. (Docs. 114, 115, 121).

**Factual Background**

While Plaintiff's Recast Complaint is nearly illegible, Plaintiff appears to allege that Defendants Counselor Williams, Rigsby, Autry, Nobles, Cleveland, Cox, and Moses retaliated against Plaintiff for filing administrative grievances, violating his First Amendment rights. (Docs. 6, 22). According to Plaintiff, these Defendants refused to let Plaintiff work in the laundry detail because of the grievances and/or the § 1983 actions he had filed against staff members of Autry State Prison ("ASP"). Further, Plaintiff asserts that when he told Defendants Duffy, Allen, Railey, and Nathaniel Williams about the retaliation, they refused to assist him.

On February 25, 2011, the district judge assigned to this case granted Defendants Cox,

---

[1] Defendants' Motion refers to Defendant Duffy, while Plaintiff's pleadings interchangeably refer to a Defendant Duffy and Duffey. The Court will presume that both Plaintiff and Defendants are referring to Defendant Duffy.

Moses, Nobles, Rigsby, Nathaniel Williams, Autry, and Cleveland's Motion to Dismiss for failure to exhaust administrative remedies. (Docs. 123, 128). At that time, Defendants Duffy, Allen, Counselor Williams, and Railey had not been served because Plaintiff had been unable to provide the Court with correct addresses for these four Defendants. (*See* Doc. 113). Plaintiff provided updated addresses for these four Defendants on February 25, 2011. (Doc. 126). Waivers of service were mailed to and returned by Defendants Duffy, Allen, Counselor Williams, and Railey, and on June 17, 2011, these four Defendants filed a Pre-Answer Motion to Dismiss. (Docs. 136 -139, 140).

*Motion to Dismiss (Doc. 140)*

Defendants Duffy, Allen, Counselor Williams, and Railey filed this Motion to Dismiss stating that the action should be dismissed due to Plaintiff's failure to exhaust all administrative remedies.

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides

2

that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

Complete administrative exhaustion is a precondition to filing a lawsuit, and exhaustion must comply with the deadlines and procedures in place. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI. Administrative remedies must be exhausted at the time the legal action is brought. *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' Motion and Plaintiff's responses reveals a conflict. Plaintiff maintains that he exhausted his administrative remedies. (Docs. 141-145). Defendants contend that Plaintiff failed to exhaust the administrative remedies available regarding the claims underlying this lawsuit. (Doc. 140-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve

the disputed factual issues.

Defendants contend, and support with the Affidavit from the Deputy Warden of Care and Treatment at ASP, Angela Williams, that Plaintiff did not exhaust any grievances regarding the allegations made in his Complaint prior to March 30, 2009, the date the lawsuit was filed. The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a grievance system at ASP, and establishes that the Plaintiff filed numerous grievances while housed there. (Doc. 140-2, Angela Williams Affidavit).

Defendants provided the Court with copies of the grievances filed by Plaintiff in regards to his claims. Plaintiff filed one grievance related to the alleged events giving rise to this action prior to the initiation of this lawsuit[2]. (Docs. 140-2, Angela Williams Affidavit; 140-5). On February 11, 2009, Plaintiff filed informal grievance number 7350 stating that Defendant Counselor Williams told Plaintiff that if he filed a grievance he would not be placed on laundry detail. (*Id.*; Doc. 140-7). Plaintiff's informal grievance was not resolved and, on February 18, 2009, he filed a formal grievance. (Doc. 140-8). His formal grievance was also not resolved and, on March 19, 2009, Plaintiff filed an appeal. (Docs. 140-2, Angela Williams Affidavit, ¶¶ 22, 23; 140-5). On April 29, 2009, approximately one month after Plaintiff initiated this lawsuit, the Commissioner timely denied Plaintiff's appeal and, at that time, Plaintiff exhausted grievance number 7350. (Docs. 140-5; 140-2, Angela Williams Affidavit).

---

[2]Plaintiff filed an unrelated informal grievance (number 6443) on February 2, 2009, in which he complained that Counselor Autry provided Plaintiff with insufficient counseling. Plaintiff did not appeal the denial of the informal grievance. (Doc. 140-5).

Plaintiff also filed two grievances that appear to relate to this Complaint in May and June of 2009. (Docs. 140-10; 140-11). As neither informal grievance was filed before this lawsuit was initiated, the undersigned has not discussed these grievances. *See McDaniel v. Crosby*, 194 Fed. Appx. 610, 613 (11th Cir. 2006) (a plaintiff cannot rely on grievances exhausted after filing his initial complaint because exhaustion is a pre-condition to filing a lawsuit).

Plaintiff filed this lawsuit on <u>March 30, 2009</u>, which was one month prior to complete exhaustion. (*See* Doc. 3). To comply with the procedures in place, Plaintiff was required to wait to file this lawsuit until a decision on his appeal was made or the ninety (90) days in which the Commissioner had to respond expired. *See Sewell v. Ram*sey, 2007 WL 201269 (S.D. Ga., Jan. 27, 2007) (holding that if a "plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative remedies"); *Callaway v. McRae*, 2008 WL 3200728 (M.D. Ga., Aug. 5, 2008) (concluding that when the Commissioner does not respond to an appeal within ninety (90) days, the Plaintiff can seek judicial relief); Georgia Dep't of Corrections SOP IIB05-001 § VI. Plaintiff did not wait until he received the timely response from the Commissioner before filing this lawsuit. Thus, at the time Plaintiff filed this action, he had not exhausted the administrative remedies available to him. *See Goebert*, 510 F.3d at 1324; *McDaniel v. Crosby*, 194 Fed. Appx. 610, 613 (11th Cir. 2006) (a plaintiff cannot rely on grievances exhausted after filing his initial complaint because exhaustion is a pre-condition to filing a lawsuit).

In his Complaint, Plaintiff states that he grieved the issue but was told he would have to continue on with a grievance response. (Doc. 6). Plaintiff also alleges that he exhausted grievances in April of 2009. (Doc. 145). However, as shown above, Plaintiff cannot rely on grievances that were exhausted after he filed his Complaint. Furthermore, Plaintiff has provided no evidence to show that he exhausted any grievance prior to filing this lawsuit. Therefore, Plaintiff has failed to refute Defendants' evidence that the administrative remedies were not exhausted prior to filing this action.

The Court finds that Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available administrative remedies to grieve the alleged offenses of the

Defendants.  As Plaintiff did not exhaust the administrative remedies available to him until one month after he initiated this lawsuit, it is the recommendation of the undersigned that Defendants Duffy, Allen, Counselor Williams, and Railey's Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Summary Judgment (Doc. 114)*

On February 4, 2011, Plaintiff filed this Motion requesting that Defendant Duffy be served through "radio, computer, internet, [and] newspaper."  Defendant Duffy waived service and, on June 17, 2011, filed a Pre-Answer Motion to Dismiss. (Docs. 138, 140).  Thus, to the extent that Plaintiff is seeking to have Defendant Duffy served, Plaintiff's Motion is  **DENIED** as moot.

Plaintiff also requests that he be granted summary judgment.  "A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a).  Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact." *Id.*  Plaintiff has not identified the claims for which he is seeking summary judgment, nor has he provided any evidence to show there is no genuine dispute as to any material fact.  Therefore, it is the recommendation of the undersigned that Plaintiff's request for summary judgment be  **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Polygraph Tests (Doc. 115)*

Plaintiff filed this Motion for Polygraph Tests on February 4, 2011, requesting approval to administer polygraph tests on several witnesses and all Defendants. A party to a case "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Plaintiff has not shown good cause because he has not provided the Court with the purpose of the polygraph tests, nor how the polygraph tests will provide either admissible evidence or relevant information reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, discovery in this case was set to expire ninety (90) days from the date a response to Plaintiff's Complaint was filed. (Doc. 9). Defendants Duffy, Allen, Counselor Williams, and Railey, the only Defendants who remain in this case[3], filed their Pre-Answer Motion to Dismiss on June 17, 2011, and thus discovery did not begin until June 17, 2011 as to these four Defendants. (*See* Doc. 140). Plaintiff filed this Motion on February 4, 2011, which was more than four months before the discovery period began for Defendants. Thus, Plaintiff's Motion was not filed within the discovery period.

Accordingly, Plaintiff's Motion for Polygraph Tests is hereby **DENIED**.

*Motion to Subpoena (Doc. 121)*

On February 18, 2011, Plaintiff filed this Motion requesting the Court grant Plaintiff approval and permission to subpoena several individuals. Plaintiff however does not provide any information regarding why it is necessary to subpoena these individuals, or for what purpose he is

---

[3]Defendants Cox, Moses, Nobles, Rigsby, Nathaniel Williams, Autry, and Cleveland were dismissed from this action on February 25, 2011. (Docs. 123, 128).

seeking to subpoena them.  It appears Plaintiff may be seeking to subpoena several witnesses and Defendants in order to administer polygraph tests.  As the undersigned has denied Plaintiff's Motion for Polygraph Tests and Plaintiff has provided no reason for the need to subpoena the named individuals, Plaintiff's Motion for Subpoena is hereby **DENIED.**

      **SO ORDERED and RECOMMENDED**, this 16th day of November, 2011.

                                s/ ***THOMAS Q. LANGSTAFF***

                                UNITED STATES MAGISTRATE JUDGE

llf